UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GRETA A. LABORDE | * | CIVIL ACTION |
| | * | NO. |
| | * | |
| versus | * | SECTION |
| | * | JUDGE |
| | * | |
| | * | DIVISION |
| PMSI, INC. | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT – HOSTILE WORK ENVIRONMENT BASED ON GENDER**

The Complaint of Greta A. Laborde, a person of the full age of majority and a resident and domiciliary of the Parish of Orleans, State of Louisiana respectfully avers as follows:

1.       Made defendant is PMSI, Inc., a foreign corporation authorized to do and doing business in the State of Louisiana.

2.       This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Actions complained of occurred within the Eastern District of Louisiana. This action properly lies in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b).

## FACTS

3.       Greta A. Laborde (Ms. Laborde) began working for PMSI, Inc. (PMSI) as a Regional Sales Representative on August 3, 2009.  She is 46 years of age and is single.

4.       Beginning in March 2010, Mr. Tim Howlin, the Senior Vice President of Field Sales, began subjecting Ms. Laborde to a hostile work environment based on her gender.  Howlin's

1

sexist attitudes have resulted in the termination of several female subordinate employees; but no male subordinates of Howlin have been terminated.

5.      On the morning of June 18, 2010, Howlin and Mr. Mike Wright traveled to New Orleans to call on a client in Baton Rouge, Louisiana.  Ms. Laborde accompanied Messrs. Howlin and Wright.  During the drive, Howlin telephoned the human resources department regarding the termination of Lisa Woolston.  Also during the drive, Howlin informed Ms. Laborde that he had terminated another long time female employee, Sandy Sapiecki, earlier that morning.

6.      After Laborde, Howlin, and Wright met with the client in Baton Rouge, Howlin called Sandy Sapiecki and placed her on speaker phone.  Sandy Sapiecki was a sales employee of PMSI, was about Ms. Laborde's age and like Ms. Laborde, Sandy Sapiecki was a sales representative.  During the hour long drive from Baton Rouge to the New Orleans Airport, Howlin kept calling Ms. Sapiecki on speaker, making to her cry, beg, and plead for her job. When one phone call ended, Howlin called Sapiecki again, and then again; the humiliation would begin all over, each time.  Greta Laborde was driving the car.  She was a captive audience and in the company of two men.  The man in the passenger seat had the power to fire her at any time.  After arriving at the airport, Howlin told Greta Laborde, "if this can happen to Lisa after 14 years and Sandy after 10 years, it can happen to anyone."

7.      Ms. Laborde promptly reported the incident to her manager and later reported it to the human resources department on July 20, 2010.  On information and belief, no punitive measures have been taken against Howlin for his actions on that or any other occasion.

8.      Greta Laborde was mentally healthy prior to her business association with Tim Howlin. She had not consulted a health professional for emotional problems for at least ten years.  But

Laborde presented symptoms of insomnia, night sweats, constant trembling, and weight loss due to lack of appetite at the emergency room at East Jefferson General Hospital on July 17, 2010. She was advised by the ER doctor and psychiatric nurse on staff that my symptoms were the result of severe anxiety, depression, and panic attacks.   The doctor and nurse entered Ms. Laborde in an outpatient psychiatric program on July 18 where she was diagnosed with PTSD, anxiety, depression, and panic attacks by Dr. Paine.   He prescribed Klonipin, Remeron, and Seroquel, which Ms. Laborde continues to take daily.

9.      Ms. Laborde later presented at River Oaks for inpatient treatment for seven weeks.   It was recommended that she seek the help of a psychologist and psychiatrist outside of the hospital to continue therapy upon her discharge.   Ms. Laborde then began seeing Dr. Brian Jordan, a psychologist, and Dr. Richard Roniger, a psychiatrist for medication management.   She continues to see Dr. Jordan once a week and Dr. Roniger once a month.   At the present time both doctors estimate treatment to last up to one year.   Dr. Jordan continues to advise PMSI and its employee insurance company, Aetna, that Ms. Laborde is unable to return to work.

10.      On information and belief Tim Howlin has never terrorized a male employee in the same predatory way he has terrorized female employees who work for him.

## GENDER DISCRIMINATION

11.      The above actions taken by PMSI and the employees and agents for whom it is responsible constitute gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq.

12.     Ms. Laborde filed a charge of discrimination with the Equal Employment Opportunity Commission on Tuesday, August 24, 2010.  The EEOC issued its Dismissal and Notice of Rights on Monday, August 30, 2010.  Ms. Laborde timely files suit.

13.     Defendant PMSI is, therefore, liable unto Ms. Laborde for the damages set out below.

## DAMAGES

14.     As a result of the actions of PMSI and the employees and agents for whom it is responsible, Ms. Laborde has suffered and continues to suffer damages in the following, non-exclusive respects:

      a.     punitive damages;

      b.     back pay and benefits;

      c.     reinstatement and/or front pay including benefits;

      d.     general damages to include loss of professional reputation, personal humiliation, mental anguish, anxiety, hurt feelings and loss of enjoyment of life;

      e.     economic losses, past and future;

      f.     prejudgment and post judgment interest according to the law of Louisiana;

      g.     attorney's fees and costs of these proceedings, and;

      h.     any and all injunctive and equitable relief available to Ms. Laborde under law.

15.     Ms. Laborde demands and is entitled to a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Greta A. Laborde prays that this, her Complaint, be cited and served on Defendant PMSI, Inc., that Defendant PMSI, Inc. be required to answer same, and, after due proceedings had, that judgment be rendered in her favor and against Defendant PMSI, Inc. for an amount supported by the evidence, for front pay and benefits, for back pay and benefits,

including any and all monetary losses, general and special damages, liquidated and punitive damages, and for such additional equitable and legal relief as deemed appropriate, proper and just by this Court; for judicial interest according to the law of Louisiana from the date of judicial demand, and for costs and attorney's fees as provided by law.

Furthermore, Plaintiff Greta A. Laborde is entitled to and prays for a trial by jury.

Respectfully submitted,
LAW OFFICE OF DALE EDWARD WILLIAMS

/s/Dale E. Williams
Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile:  (985) 892-2640
mailto:dale@daleslaw.com

## VERIFICATION

Pursuant to the provisions of 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and it is true and correct to my personal knowledge and belief.

Covington, Louisiana, this 18th day of November 2010.

GRETA A. LABORDE