UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GRETA A. LABORDE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-4399-LMA-SS** |
| **PMSI, INC.** | |

## ORDER

PLAINTIFF'S MOTION TO ADMIT EXPERTS WITHOUT NECESSITY OF WRITTEN REPORTS (Rec. doc. 28)

**GRANTED IN PART AND DENIED IN PART**

Plaintiff, Greta A. Laborde ("Laborde"), has filed this suit alleging gender discrimination and claims of intentional infliction of emotional distress. She alleges that she suffered from post-traumatic stress disorder, depression, anxiety and panic attacks as a result of the actions of an employee of the defendant, PMSI, Inc. ("PMSI"). On April 1, 2011, the District Judge issued a scheduling order which provides that,

> Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than Friday, July 22, 2011.

Rec. doc. 12 at 2. On July 28, 2011, the District Judge extended the deadline to complete discovery to October 3, 2011. The order provides that, "[a]ll other deadlines, including the pre-trial motions deadline, remain intact." Rec. doc. 30.

Laborde reports that she sees Dr. Brian Jordan, a psychologist, once a week, and Dr. Richard Roniger, a psychiatrist, once a month. She contends that notwithstanding the scheduling order, she

is not required to procure reports from Drs. Jordan and Roniger because they do no fall within Rule 26(a)(2)(B). She argues that they are her treating providers and they were not retained or specially employed to provide expert testimony.

In <u>Hamburger v. State Farm Mutual Automobile Insurance Company</u>, 361 F.3d 875 (5th Cir. 2004), the district court's scheduling order required the plaintiff to designate testifying experts under both Rule 26(a)(2)(A) and Rule 26(a)(2)(B). Pursuant to Rule 26(a)(2)(A), the plaintiff was required to disclose the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Pursuant to Rule 26(a)(2)(B), written reports must be provided if the witness is one retained or specially employed to provide expert testimony. A treating physician may be called to testify without any requirement for a written report. Fed. Rule Civ. P. 26(a) Advisory Committee's Note, 1993 amendments. The plaintiff urged that he was not required to serve a report pursuant to Rule 26(a)(2)(B), because the doctor, a treating physician, was not retained or specially employed to provide testimony. The Fifth Circuit held that while the plaintiff was not required to furnish a report for the doctor under Rule 26(a)(2)(B), the district court properly excluded the doctor because he was not designated under Rule 26(a)(2)(A). 361 F.3d at 883.

The scheduling order in the instant action requires Laborde to provide reports of experts as defined by Federal Rules of Civil Procedure 26(a)(2)(B). The July 22, 2011 deadline does not refer to Rule 26(a)(2)(A). The Advisory Committee's Note demonstrates that a treating physician can be called to testify at trial without a written report. PMSI concedes that there are occasions where treating physicians do not provide written reports and medical records are sufficient. It contends that when a treating physician does not provide a written report, the physician can only testify as to the

care and treatment of the plaintiff. It reports that Laborde has not provided any medical records for Drs. Jordan and Roniger. **Within ten (10) working days,** plaintiff shall provide all treatment records from Drs. Jordan and Roniger.

Laborde is not required to submit expert reports from her treating providers, Drs. Jordan and Roniger, to permit them to be called to testify. They must, however, provide the disclosures required by Rule 26(a)(2)(C):

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts **and opinions** to which the witness is expected to testify.

Emphasis added. Because the District Judge's order of July 28, 2011 provides that all deadlines, except the discovery deadline remain intact, the expert report deadline may not be extended. However, the report deadline should apply to the Rule 26 disclosures by Drs. Jordan and Roniger. Accordingly, **within ten (10) working days of entry of this order,** plaintiff shall produce the Rule 26(a)(2)(C) disclosures of the two doctors.

IT IS ORDERED that Laborde's motion to admit experts without the necessity of written reports (Rec. doc. 28) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 18th day of August, 2011.

                                                                   _____
                                                                   **SALLY SHUSHAN**
                                                                   **United States Magistrate Judge**

cc: Judge Africk